UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH BROKAMP,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA,<br><br>　　　　Defendant. | Civil Action No. 20-3574 (TJK) |

## PROTECTIVE ORDER

Pursuant to Fed. R. Civ. P. 26(c) and because discovery in this action is likely to involve the disclosure of Confidential Information, IT IS HEREBY ORDERED that:

I.   **Confidential Information**

A.   Information Subject to This Protective Order:  Any party may designate discovery material as "CONFIDENTIAL" under the terms of this Order and Fed. R. Civ. P. 26(c), if such party in good faith reasonably believes that such discovery material contains non-public, confidential, proprietary, commercially or personally sensitive, or security-related information that requires the protections provided in this Order.  The designation by any party of any discovery material as "CONFIDENTIAL" shall constitute a representation that such discovery material has been reviewed by or under the direction of an attorney for the designating party and that there is a reasonable, good-faith belief that such designation is valid.  Discovery materials designated as "CONFIDENTIAL" may include:

> 1.  personal identifying information (PII) sought from an individual, including, but not limited to, such individual's or his/her family members' home address, telephone number, date of birth, social security number, health care information, health insurance records, disability records, and life insurance information. PII includes

information concerning the identities and contact information of individuals seeking or obtaining counseling, therapy, or mental health services;

2.   non-public information contained in an employee or former employee's personnel file, disciplinary file and/or adverse action file;

3.   information protected by or specifically prohibited from release by statute or regulation;

4.   any other non-public, confidential, proprietary, commercially or personally sensitive, or security-related information that requires the protections provided in this Protective Order; and

5.   any other information that the Parties jointly agree should be subject to the terms of this Protective Order.

B.      As set forth below, information, documents, and things that are stamped "CONFIDENTIAL" and fall within the definition of Section I.A, or are stamped "CONFIDENTIAL: ATTORNEYS' EYES ONLY" and fall within the definition of Section II.E, shall not be disclosed for any purpose other than the prosecution, defense or settlement of this litigation and any appeal.

C.      With regard to CONFIDENTIAL material that contains PII, any party may redact the PII in addition to marking the material as CONFIDENTIAL. The processes for inadvertent disclosure of PII or challenges to the redaction of PII shall be the same as the processes for inadvertent disclosures of, or challenges to, designations as CONFIDENTIAL, as set forth below.

II.   **Timing and Classification of Confidential Information**

A.      Any party wishing to designate information as "CONFIDENTIAL" shall, at the time of production, stamp or otherwise mark each page of the produced document or other item with the word(s) "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION."

B.     The Parties shall make a good-faith effort to designate CONFIDENTIAL

INFORMATION, including the redaction of PII, properly and with the appropriate classification

at the time of production.  However, inadvertent or unintentional disclosure by any party of

CONFIDENTIAL INFORMATION, including PII, without any, or the appropriate,

classification—regardless of whether the CONFIDENTIAL INFORMATION was designated at

the time of disclosure—shall not be deemed a waiver of a party's claim of confidentiality, either

as to a specific document or information contained therein.  A producing party may correct such

inadvertent or unintentional disclosure by supplemental written notice at any time, accompanied

by an appropriately designated copy of the document, with the effect that such document is

thereafter subject to the protections of this Order.  It shall be the obligation of the producing

party to provide the other parties with revised copies of the information being retroactively

designated as CONFIDENTIAL.

C.     If a producing party inadvertently discloses to a receiving party documents or

items that are asserted to be privileged or subject to the work-product doctrine or otherwise

immune from discovery, said producing party shall promptly upon discovery of such disclosure

(1) so advise the receiving party in writing; (2) show that the disclosure was inadvertent, that the

producing party acted promptly upon discovering the inadvertent disclosure, and that the

inadvertence occurred despite reasonable precautions to prevent inadvertent disclosure; and (3)

request that the item or items of information be returned or destroyed. Upon such notification

and showing, the Parties shall treat the matter as privileged or protected unless and until the

parties agree otherwise or the Court determines the matter is not privileged or protected.  Within

five (5) business days of receiving such notification and showing, all receiving parties shall (1)

return the matter to the producing party; or (2) confirm in writing to the producing party the

destruction of all such matter, including all excerpts, summaries, compilations, and other documents or records that include, communicate, or reveal matter claimed to be privileged or protected, or (3) notify the producing party in writing of the basis for its disagreement that such matter is privileged or protected from disclosure. In the last event only, the receiving party or parties may retain one copy of the matter asserted to be privileged for the sole purpose of responding to a motion by the producing party to deem the matter privileged or protected from disclosure and shall comply with (1) or (2) above with respect to all other copies of such matter and all other documents or records that include, communicate, or reveal matter claimed to be privileged or protected. Should the Parties be unable to agree on whether the matter is privileged or protected, the producing party shall file a motion with the Court within fifteen (15) days of its receipt of the receiving party's notice of disagreement under (3) above, to deem the matter privileged or protected and to obtain the return of any copy of such matter still held by the receiving party.

   D. In the case of depositions or other pretrial testimony, the designation of discovery material as CONFIDENTIAL, including PII, shall be made (1) by a statement on the record, by counsel, at the time of such disclosure, or (2) by written notice, sent to all parties within ten (10) days after receiving a copy of the transcript thereof, and in both of the foregoing instances, by directing the court reporter that the appropriate confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any CONFIDENTIAL INFORMATION. All depositions and other pretrial testimony shall be deemed to be CONFIDENTIAL for a period of ten (10) days after receipt of the transcript, after which time such depositions or pretrial testimony shall be treated in accordance with its designation, if any.

4

The Parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, without further order of the Court.

        E.      Certain documents may contain information that is so sensitive that it should not be disclosed to the Parties themselves.  A producing party may designate discovery material as "CONFIDENTIAL: ATTORNEYS' EYES ONLY" if such party reasonably believes that such discovery material contains highly sensitive security or personal information disclosure of which (including to a party) is likely to cause significant harm to an individual or to the business or security of the producing party.  Such information shall be produced on a CONFIDENTIAL: ATTORNEYS' EYES ONLY basis and disclosed only to persons permitted under Section III.A.2 of this Order.  Except as otherwise provided in this Order, information designated CONFIDENTIAL: ATTORNEYS' EYES ONLY shall not be shown to the Parties, but shall otherwise be treated in the same manner as documents designated as CONFIDENTIAL.

**III.**    **Handling of Confidential Information**

        A.      CONFIDENTIAL information, including PII, will be treated during the course of this action, including appeal, as follows:

        1.      Discovery material marked CONFIDENTIAL, including unredacted PII, (but not CONFIDENTIAL: ATTORNEYS' EYES ONLY) shall be treated during this action, including appeal, as proprietary and shall be disclosed or provided only to: (a) parties, and clients; (b) counsel who are attorneys of record (including such counsel's partners, shareholders, associates, associated counsel, paralegals, interns, and secretarial, technical, and clerical personnel); (c) experts employed by such counsel for consultation or to render expert reports under Fed. R. Civ. P. 26(a)(2) (and the secretarial and clerical personnel of such experts); (d) technical consultants or vendors and all related staff retained to handle discovery, including but

not limited to electronic discovery; (e) court personnel, certified court reporters, and the Parties'
respective copy vendors and other litigation support vendors; (f) the author of the document, the
subject of the document, and each recipient of a copy of the document; (g) witnesses at
deposition, hearing, or trial, to the extent reasonably necessary to aid in the prosecution, defense,
or settlement of this action; (h) any mediator or other person appointed, assigned, or engaged by
the Parties or the Court to attempt to resolve any or all issues in this action; and (i) any other
person upon order of the Court or stipulation of all Parties.  Any information designated
CONFIDENTIAL by the producing party, including unredacted PII, shall be treated as
proprietary and shall not be used or disclosed by any receiving party for any purpose, other than
as specified during discovery, trial, and/or any appeal in this action.

   2.  Discovery material may alternatively be marked as CONFIDENTIAL:
ATTORNEYS' EYES ONLY.  Such material may be disclosed, revealed, summarized,
described, characterized, or otherwise communicated or made available in whole or in part only
to the following persons:  (a) counsel who are attorneys of record (including such counsel's
partners, shareholders, associates, associated counsel, paralegals, interns, and secretarial,
technical, and clerical personnel); (2) experts employed by such counsel for consultation or to
render expert reports under Fed. R. Civ. P. 26(a)(2) (and the secretarial and clerical personnel of
such experts); (3) any mediator or other person appointed, assigned, or engaged by the Parties or
the Court to attempt to resolve any or all of the issues in this action, to the extent reasonably
necessary to aid in the prosecution, defense, or settlement of this action; (4) deponents and their
counsel; (5) court personnel, certified court reporters, and the parties' respective copy vendors
and other litigation support vendors, and (6) the author of the document, the subject of the

document, and each recipient of a copy of the document; and (7) any other person upon order of the Court or stipulation of undersigned counsel.

      B.      Individuals who receive CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY material under Sections III.A(1) and III.A(2) of this Protective Order shall sign a statement acknowledging their agreement to the terms of this Protective Order in the form of Exhibit A. However, if a witness is to be shown such discovery material for the first time at a deposition or hearing, the requirements of this paragraph will be satisfied for purposes of that deposition or hearing if that witness is informed of the confidential order and its terms, unless a document in the form attached as Exhibit A is available, in which case the witness's execution of said form shall be procured and appended to the deposition transcript as an exhibit.

      C.      When any sealed or confidential document is used at a hearing, in a motion, or in other papers, the filing or moving party shall comply with the requirements of LCvR 5.1. If a sealed or confidential document is inadvertently filed and made accessible to the public, the filing or moving party shall immediately take the appropriate steps to remove or otherwise protect from public disclosure the sealed or confidential document. The Parties may not consent to waiving the requirements of LCvR 5.1(h).

## IV.    **Challenges to Confidentiality Designations**

      A.      If any party disagrees at any stage with the designation of any information as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY, the Parties shall first try to resolve the dispute in good faith informally. Any receiving party may request that the producing or designating party withdraw the CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY designation regarding any information or reproduce redacted documents in unredacted form. Any such request shall be made in writing, served on counsel for

the producing or designating party, and shall identify: (1) the material that the receiving party

contends is improperly designated or redacted; and (2) the basis for the receiving party's

objection(s) to the designation or redaction.

B.      If the Parties cannot resolve their dispute informally, the receiving party may

object to the designation or redaction by motion before the Court.  The burden of proving the

confidentiality of the designated information, including redacted PII, shall be borne by the party

that produced the information and/or designated it CONFIDENTIAL or CONFIDENTIAL:

ATTORNEYS' EYES ONLY or redacted it.  If a motion should be filed, the initial

CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY designation or redacton

of PII shall remain in place until the Court has ruled on such motion and thereafter shall be

governed by the Court's ruling.  If the Parties cannot resolve their dispute informally, and a party

elects to file no motion with the Court, the initial CONFIDENTIAL or CONFIDENTIAL:

ATTORNEYS' EYES ONLY designation or redaction of PII shall remain in place.

C.      The acceptance by any party of any information designated CONFIDENTIAL or

CONFIDENTIAL:ATTORNEYS' EYES ONLY or the redaction of PII shall not constitute

evidence, an admission, or concession that the information actually is confidential, proprietary,

or properly redacted.

**V.      Confidential Information at Depositions**

A.      Other than Court personnel and Court reporters, only the Parties, counsel of

record for the Parties (including such counsel's partners, associates, associated counsel,

paralegals, and law clerks), the witness (including his or her attorney), experts who have signed

the agreement in Exhibit A, and any other person otherwise who, pursuant to this Order, is

permitted to access the material in question may be present at any examination concerning CONFIDENTIAL INFORMATION of another party or a third party.

      B.     All deposition transcripts, exhibits, or information disclosed during a deposition shall be treated as CONFIDENTIAL INFORMATION subject to the Protective Order for ten (10) business days after receipt of each of the transcripts.  During that time, any party may designate any part of such material as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY by notifying all other parties in writing of such designation.

      C.     Deposition transcripts, testimony, or exhibits designated as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY shall only be disclosed to those individuals permitted to access such material pursuant to this Order.  No third party shall be allowed access to any depostion transcript, testimony or exhibit designated as CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS' EYES ONLY unless he or she first executes the declaration attached as Exhbit A, acknowledging and agreeing to be bound by the terms of this Protective Order.

**VI.**     **Confidential Information in Court Filings**

      A.     Information designated as CONFIDENTIAL that meets the definition in section I.A, or as CONFIDENTIAL: ATTORNEYS' EYES ONLY that meets the definition in Section II.E, does not lose its designation if that information is subsequently filed with the Court by any designating party, non-designating party, or third party, whether that submission is made by written motion, pleading, memorandum, or any other submission to the Court, including, without limitation, any demonstratives, attachments, transcripts, appendices, and/or exhibits submitted to the Court.

B.      All transcripts, depositions, exhibits, answers to interrogatories, and other

information previously designated CONFIDENTIAL or CONFIDENTIAL: ATTORNEYS'

EYES ONLY under this Protective Order and filed with the Court in accordance with Fed. R.

Civ. P. 5.2(d) by any party or third party, or any pleading, memorandum or other submission to

the Court purporting to discuss, reproduce, summarize, or paraphrase any such

CONFIDENTIAL INFORMATION, shall be filed electronically under seal or, if filed in paper

format, in sealed envelopes or other appropriate sealed containers pursuant to LCvR 5.1(h) and

Part II.H of the Clerk's Office General Information and Civil Filing Procedures.  All such filings

shall include the caption of this litigation, an indication of the nature of the contents, the words

"CONFIDENTIAL" and "DOCUMENTS SUBJECT TO PROTECTIVE ORDER," and a

statement in substantially the following form:  "This envelope, containing documents that are

filed in this case by (name or party), is not to be opened, nor are the contents to be displayed or

revealed, except by order of the Court or consent of all the parties."  For clarity, the Parties may

choose to redact the information designated CONFIDENTIAL or CONFIDENTIAL:

ATTORNEYS' EYES ONLY from such transcripts, depositions, exhibits, answers to

interrogatories, and other information.  The redacted versions of such documents need not be

filed under seal.

**VII.    Use of Confidential Information in Open Court**

A.      CONFIDENTIAL INFORMATION does not lose its designation as such if that

information is subsequently offered during hearings, at trials, or otherwise in open court by any

party or a third party, whether elicited or presented through argument/and or objections in open

court, statements to the jury, direct examination, cross-examination and/or redirect examination,

or through any demonstratives, attachments, transcript, appendix, and/or exhibits offered in open court.

      B.     The use of CONFIDENTIAL INFORMATION during hearings, at trials, or otherwise in open court shall be subject to such protection as the Court shall determine at the time. Nothing in this Protective Order shall be deemed a waiver of any right to object on any ground to the admission in evidence of any CONFIDENTIAL INFORMATION. A party that intends to introduce its own CONFIDENTIAL INFORMATION at a hearing or trial shall be responsible for taking appropriate measures with the Court to maintain its confidentiality. In the event that a party intends to introduce an opponent's CONFIDENTIAL INFORMATION, it shall notify the opponent in writing prior to the time at which it intends to introduce the opponent's CONFIDENTIAL INFORMATION. If the opponent desires to maintain the confidentiality of its material, it shall be responsible for taking appropriate measures with the Court to maintain its confidentiality.

**VIII.**   **Exclusion of Public Domain Information**

     Nothing in this Protective Order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any information in the public domain.

**IX.**   **Non-Waiver of Privileges and Objections**

      A.     Nothing in this Protective Order shall be construed to require the production of CONFIDENTIAL INFORMATION that is privileged or otherwise protected from disclosure (Protected Material). The entry of this Protective Order shall not constitute a waiver by any party of any objection to the disclosure or production of any information or material during discovery.

B.      Nothing in this Protective Order shall be construed to mean that the production of CONFIDENTIAL INFORMATION (in whole or in part) constitutes either: (1) an admission by any party that the produced information is relevant, authentic, properly produced, or admissible at trial; or (2) a waiver of any right properly to withhold from production any other document.

C.      Nothing in this Protective Order shall bar any person from asserting the attorney-client privilege, the work-product doctrine, or any applicable privilege or immunity as to any discovery, including any discovery that may have been inadvertently produced.

D.      The production or disclosure of any Protected Material, including privileged material, attorney work-product, or other item containing protected information, shall not be deemed a waiver of the privilege, work product, or other protection or immunity from discovery by the producing party in this or any subsequent state or federal proceeding under Federal Rule of Evidence 502, regardless of the circumstances of disclosure. If any party should learn of the improper production or disclosure of Protected Material by any other party, the receiving party shall provide written notice of such production or disclosure within three days and immediately return or destroy the Protected Material.

X.      **Miscellaneous**

A.      Nothing in this Protective Order shall be construed as limiting or otherwise restricting a party's use of its own CONFIDENTIAL INFORMATION for any purpose.

B.      This Protective Order shall survive the final termination of this litigation and shall continue to apply to all CONFIDENTIAL INFORMATION that has not properly become a matter of public record. Following final termination of this litigation, this Court shall retain jurisdiction over the parties and all persons who received access to CONFIDENTIAL INFORMATION under the terms of this Protective Order.

12

C.      This Protective Order shall be binding upon the parties, upon their attorneys, and upon the parties and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, officers, directors, employees, agents, and independent contractors, and other persons or organizations over which they have control.

D.      This Protective Order shall not restrict any attorney from rendering advice to the attorney's party-client regarding this action and shall not restrict the attorney and the attorney's party-client from relying upon an examination of CONFIDENTIAL INFORMATION in the course of the attorney's representation.  However, in rendering such advice and in otherwise communicating with the party-client, the attorney shall not disclose the proprietary substance of any CONFIDENTIAL INFORMATION or the source of any CONFIDENTIAL INFORMATION to anyone not authorized to receive such documents, items, materials or information under the terms of this Protective Order.

E.      Within thirty (30) days after the final termination of this action, including all appeals, and unless otherwise required by law, the attorneys for each party shall assemble and return to the opposing party CONFIDENTIAL INFORMATION produced by the opposing party or shall destroy all copies that respective parties have in their possession, custody, or control and inform the opposing party that they have done so.  The attorneys for the parties may retain all pleadings and litigation documents, including exhibits and their own memoranda containing CONFIDENTIAL INFORMATION, but such litigation documents and memoranda shall be used only for the purpose of preserving a file on this action, and shall not be disclosed to anyone other than the outside attorneys to whom such information was previously disclosed without the written permission of the opposing party or an Order of this Court.

F.     In the event that a party seeks discovery from a third party to this action, that third

party may invoke the terms of this Protective Order in writing to all parties to this suit and

produce any such discovery in accordance with, and subject to the terms of this Order.

APPROVED AND SO ORDERED this _22_ day of _August_ 2022.

THE HONORABLE TIMOTHY J. KELLY
Judge, United States District Court
for the District of Columbia

14

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH BROKAMP,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 20-3574 (TJK)** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## ACKNOWLEDGEMENT OF CONFIDENTIALITY

 I understand that confidential documents, testimony and/or information may be revealed to me for purposes of the above-captioned lawsuit. I have been advised that, by agreement among the parties, as so ordered by the Court, such documents, testimony and information may not be used for any purposes other than the prosecution or defense of this lawsuit.

 I certify that I have read the Protective Order entered in this lawsuit. I agree to maintain the confidentiality of any documents, testimony or any other information provided to me that have been designated as CONFIDENTIAL and to abide by the terms of the Protective Order.

 I have been advised that any unauthorized use or disclosure by me of any documents, testimony, or information designated as CONFIDENTIAL will be treated as a breach of the Protective Order.

Dated: _____

          _____
              PRINT NAME

          _____
              SIGNATURE