UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH BROKAMP,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>Defendant. | No. 1:20-cv-03574-TJK |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY

The Supreme Court and D.C. Circuit have rejected Dr. Elizabeth Brokamp's theory of content discrimination. Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. (Def.'s Mot.) [29] at 25–28 (discussing *City of Austin v. Reagan Nat'l Advert. of Austin, LLC*, 596 U.S. 61 (2022); *Green v. U.S. Dep't of Just.*, 54 F.4th 738 (D.C. Cir. 2022); *Act Now to Stop War & End Racism Coal. v. District of Columbia* (*ANSWER*), 846 F.3d 391 (D.C. Cir. 2017)); Def.'s Combined Opp'n (Def.'s Opp'n) [38] at 15–19 (similar). And the Second Circuit rejected Dr. Brokamp's exact claim. *Brokamp v. James*, 66 F.4th 374, 394 (2d Cir. 2023). So Dr. Brokamp resorts to arguing that a recent case, *Vidal v. Ester*, 602 U.S. ----, No. 22-704, 2024 WL 2964139 (U.S. June 13, 2024), contravenes this precedent and the District's points. Pl.'s Not. of Supp. Auth. (Pl.'s Not.) [45]. To the contrary, *Vidal* further confirms that the licensing law attacked by Dr. Brokamp is content-neutral.

*Vidal* was a First Amendment challenge to trademark law's ban on registering trademarks that use a living person's name without his/her consent (called the "names clause"). 2024 WL 2964139, at *3. The Court stated that "a content-based regulation 'target[s] speech based on its

communicative content,' restricting discussion of a subject matter or topic." *Id.* at *4 (quoting *Reed v. Town of Gilbert*, 576 U.S. 155, 163 (2015)). That is, "a restriction on speech is content based if the 'law applies to particular speech because of the topic discussed or the idea or message expressed.'" *Id.* at *5 (quoting *Reed*, 576 U.S. at 163). The Court explained that the names clause was content-based because it "turns on the content of the proposed trademark— whether it contains a person's name. If the trademark does contain a person's name, and the registrant lacks that person's consent, then the names clause prohibits registration." *Id.* As a result, "trademarks containing names 'are treated differently from [trademarks] conveying other types of ideas.'" *Id.* (quoting *Reed*, 576 U.S. at 164); *see also id.* at *20 (Sotomayor, J., concurring in the judgment).

This is the same test for content discrimination that the District applied. Def.'s Mot. at 25; Def.'s Opp'n at 15–16. As the District explained, "the licensing requirement does not apply simply when Dr. Brokamp discusses certain topics with District residents but not others." Def.'s Mot. at 25. Accordingly, the licensing law is unlike the trademark law in *Vidal*. There is no topic like a person's name that, if used by Dr. Brokamp, would trigger the licensing requirement. Def.'s Opp'n at 15–16. For example, Dr. Brokamp is free to discuss anxiety. The licensing requirement only applies when, in short, she sets up a professional practice and establishes client relationships to diagnose and treat anxiety. *Id.* Indeed, she was advised to obtain a license after describing her practice to the Board—not any particular speech. Def.'s Mot. at 8–9, 28.

Nonetheless, Dr. Brokamp distorts both *Vidal* and the District's briefing. According to Dr. Brokamp, the District argued that *City of Austin* "upends" the standard in *Reed*, but if that were true, then *Vidal* would have found the names clause content-neutral. Pl.'s Not. at 1–2. But

2

the District applied the same standard applied in *Reed*, *City of Austin*, and now *Vidal*. Def.'s Mot. at 25 (quoting *City of Austin*, 596 U.S. at 73–74, in turn quoting *Reed*, 576 U.S. at 171).

The District further explained that *City of Austin* clarified that a law is not content-based under *Reed* simply because one may examine speech to determine whether the law applies. *Id.* at 26. Yet, that need-to-examine test was the very basis of Dr. Brokamp's claim. *Id.* So what *City of Austin* "upended" was Dr. Brokamp's understanding of content discrimination—not the District's. And her attempt to limit *City of Austin* to creating a "narrow exception" for "time, place, and manner restrictions" regarding "signs," Pl.'s Not at 3, is misguided because the D.C. Circuit has applied *City of Austin* outside such narrow circumstances, *Green*, 54 F.4th at 745–46; *see also ANSWER*, 846 F.3d at 404 (rejecting Dr. Brokamp's theory even pre-*City of Austin*).

Dr. Brokamp also argues that *Vidal* supports her because it upheld the names clause as consistent with history and tradition, yet the licensing law lacks such a pedigree. Pl.'s Not. at 3–4. This is a distraction. The *Vidal* majority reasoned that a tradition of restricting the trademarking of names was "*sufficient*" to uphold the names clause. 2024 WL 2964139, at *8 (emphasis added). As a result, the majority felt no need to decide whether First Amendment precedent supported the clause. *Id.* But the majority did not hold that a historical tradition was *necessary* to uphold the clause. *See id.* The District never asked the Court to uphold the licensing law just because there is a history and tradition supporting it.[1] Rather, relevant and binding First Amendment precedent supports the law. Because that precedent is so averse to Dr.

---

[1] Dr. Brokamp's historical analysis is wrong in any event because there is a history and tradition of regulating and licensing health professions, in which the District's law follows. Def.'s Mot. at 21; *Tingley v. Ferguson*, 47 F.4th 1055, 1080 (9th Cir. 2022), *cert. denied*, 144 S. Ct. 33 (2023).

3

Brokamp, she attacks arguments the District did not make, relying on holdings the Supreme Court did not reach.

Date: June 18, 2024.                                   Respectfully submitted,

BRIAN L. SCHWALB
Attorney General for the District of Columbia

STEPHANIE E. LITOS
Deputy Attorney General
Civil Litigation Division

*/s/ Matthew R. Blecher*
MATTHEW R. BLECHER [1012957]
Chief, Civil Litigation Division, Equity Section

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*