# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| ELIZABETH BROKAMP, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Civil Action No. 20-3574 (TJK) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| *Defendant*. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFF'S RESPONSE TO THE DISTRICT'S
## SUPPLEMENTAL BRIEF AND MOTION TO STAY

Robert E. Johnson (D.C. Bar No. 1013390)
INSTITUTE FOR JUSTICE
16781 Chagrin Blvd. #256
Shaker Heights, OH 44120
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: rjohnson@ij.org

Robert J. McNamara (D.D.C. Bar # VA065)
John G. Wrench (D.C. Bar No. 1722587)
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia 22203
Tel: (703) 682-9320
Fax: (703) 682-9321
Email: rmcnamara@ij.org, jwrench@ij.org

*Attorneys for Plaintiff Elizabeth Brokamp*

Plaintiff Elizabeth Brokamp submits this brief in response to the District's joint supplemental brief and motion to stay the case. *See* Doc. 53 ("Def. Supp. Br."). There is no reason to stay this case, as nothing has currently changed with respect to professional counseling licensure in the District and there also is no set timeline by which anything will change.

Part I below first explains that the July amendments to the counseling ordinance make no difference to the burdens the law imposes (and, indeed, the District's brief does not say otherwise). Part II explains that this Court should not stay this case, effectively requiring Elizabeth to remain silent for an undefined period of time, while the District adopts further regulatory changes. And Part III explains that, whatever changes the District may one day implement, this case will not become moot because Elizabeth seeks nominal damages.

## I.   The District Does Not Actually Say That The July Amendment Reduced Licensing Burdens. That Is Because It Did Not.

Elizabeth's supplemental brief explained that, although the District has amended the statutory provisions governing licensure by endorsement, those amendments have not changed the practical burdens associated with licensure. *See* Doc. 51 ("Pl. Supp. Br."). The amendments state that the Board of Professional Counseling "may" issue licenses if those statutory criteria are met, leaving the Board discretion to impose additional qualifications. *See* D.C. Code § 3-1207.10. And the current version of the Board's checklist for licensure by endorsement shows that the Board has exercised that discretion to impose requirements that do not meaningfully differ from the requirements in place at the time of summary judgment briefing. *See* Doc. 51-1. It is not clear that Elizabeth can complete all those requirements and, even if she can, completing the process would be time-consuming and burdensome. *See* Pl. Supp. Br. 3.

The District's supplemental brief is not to the contrary. Notably, when discussing the burdens of licensure, the District's supplemental brief cites the prior version of the Board's

1

licensure checklist—which the District attached to its briefing at summary judgment—as an authoritative source. *See* Def. Supp. Br. 3 (citing Doc. 29-17). The District does not mention or discuss the current version of the checklist, but the District also does not offer any reason to think that the current version is inaccurate. In fact, beyond quoting the amended statutory language, the District's supplemental brief does not actually provide any concrete information about how the statutory amendments have changed the licensure process. The District just quotes the statutory language and calls it a day. To fill that gap, the Court can take judicial notice of the current licensure checklist, which, after all, is posted publicly on the District's website. *See* Pl. Supp. Br. 2 n.1 (citing *Pharm. Rsch. & Mfrs. of Am. v. U.S. Dep't of Health & Hum. Servs.*, 43 F. Supp. 3d 28, 33 (D.D.C. 2014)). And that checklist makes clear that nothing has really changed: The burdens described by the summary-judgment record are the same burdens the Board imposes today.[1]

## II. The Court Should Not Stay The Case Because The District Might At Some Uncertain Future Point Stop Unlawfully Burdening Speech.

Elizabeth's supplemental brief also explained that, although the District has now adopted legislation authorizing it to join the Counseling Compact, that also has not changed anything on the ground because the Compact is not operational. *See* Pl. Supp. Br. 4-5. Even after the Compact is up and running, the District will need to take additional steps to implement the Compact within

---

[1] To further the impression that something might have changed, the District also mentions amendments to the definition of professional counseling. *See* Def. Supp. Br. 3. However, those amendments merely added to the list of things that are included within the definition—without eliminating the parts of the definition that are at issue in this case. *See* D.C. Code § 3-1201.02(15B) (listing things that professional counseling "includes"). The amended language continues to define professional counseling as "engaging in counseling … to facilitate human development" and also continues to state that counseling "includes," among other things, "[a]ssisting individuals, families, and groups through a professional relationship to achieve long-term effective mental, emotional, physical, spiritual, social, educational, or career development and adjustment." *Id.* That professional counseling now expressly "includes" other kinds of speech, including "[t]eaching," only broadens the definition further.

the jurisdiction. *See id.* at 5-6. Because there is no set timeline by which any of that will necessarily happen, and because Elizabeth's speech will continue to be unconstitutionally restricted in the meantime, there is no reason to stay the case to wait for those future events.

The District's supplemental brief confirms that there is no set timeline for the Counseling Compact to become effective. The District concedes that the Compact is not currently in effect; all its arguments about the Compact are premised on the Compact becoming "operational" at some later date. *See* Def. Supp. Br. 4. And the District also concedes that it will have to do additional work to implement the Compact within the District even after the Compact itself is up and running. *See id.* at 4-5. The District forecasts that all this will be complete "by the end of the year," *see id.*, but it does not cite anything to support that assertion, and it neglects to inform the Court that its own Chief Financial Officer has stated that "[f]unds are not sufficient … to implement the bill" authorizing the Compact. Pl. Supp. Br. 6.

Even if none of that were true, though, "the end of the year" is nine months away—nine months in which Elizabeth would be forced to remain silent. The District provides no real explanation for why it should be allowed to violate Elizabeth's First Amendment rights for nine months while it sorts out the details. And, even worse, the District cannot even promise that it *will* sort out the details. The District itself concedes that implementation of the Compact could well take longer: Its motion proposes only that it file a status report in December, at which point, "[i]f the Compact is not ready … the Court can decide whether to continue the stay or take other action." Def. Supp. Br. 7. In other words, the District acknowledges that there is no certain timeline for implementation.

The prospect that the District might reduce licensing burdens at some undetermined future time is not a reason to perpetuate the current, ongoing violation of Elizabeth's First Amendment

rights. *See S. Glazer's Wine & Spirits, LLC v. Harrington*, No. 21-cv-1254, 2021 WL 7286938, at *5 (D. Minn. Sept. 29, 2021) (declining to stay litigation pending future legislative action, in part, because "Plaintiffs, on the other hand, could be harmed if an unconstitutional statute remains the law for another nine months"); *see also Belize Soc. Dev. Ltd. v. Gov't of Belize*, 668 F.3d 724, 731-32 (D.C. Cir. 2012) ("a court abuses its discretion in ordering a stay 'of indefinite duration in the absence of a pressing need'" (citation omitted)); *Kurd v. Republic of Turkey*, 630 F. Supp. 3d 164, 170 (D.D.C. 2022) (declining to stay litigation and stating that, "[a]lthough this case has progressed slowly" in order to allow the governmental defendant to mount a defense, "the Court agrees with Plaintiffs that further delay weighs against the public interest"). Elizabeth filed this case in December 2020. In December 2025, when the District proposes to file a status report, the case will have been pending for five years. The case is fully briefed and set for this Court's decision. Nothing would be gained by leaving the District's unconstitutional speech restriction in place, other than to magnify the burden on Elizabeth's speech.[2]

If anything, as Elizabeth's supplemental memorandum explained, the District's adoption of the Counseling Compact only confirms that her rights are being violated. *See* Pl. Supp. Br. 6. The District's supplemental brief implicitly acknowledges that the District thinks it would be a good thing to allow Elizabeth to speak to her clients without having to go through its burdensome licensing process. In the five years this case has been pending, however, the District has not got its act together to make that happen. Against that backdrop, it is difficult to see how the District could possibly meet any level of scrutiny to justify its restriction of Elizabeth's speech.

---

[2] The District asserts that, "when the District conferred with Dr. Brokamp about this motion, she did not articulate any harm that would come from a stay." Def. Supp. Br. 7. That is because the District did not ask. The District sent an email asking Elizabeth's position on its motion, and Elizabeth responded that she was opposed.

**III.    Even After The Compact Goes Into Effect, Elizabeth Will Remain Entitled To Nominal Damages. The Case Therefore Will Not Become Moot.**

Elizabeth's supplemental memorandum, finally, explained that regardless of any future changes to the District's licensing practices, this case will not become moot because Elizabeth will remain entitled to nominal damages for the time that she was unable to speak to District residents. *See* Pl. Supp. Br. 6-7 (citing *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282-83 (2021)). If the Court grants Elizabeth's motion for summary judgment, Elizabeth will request that the final judgment entered in this action include an award of nominal damages in addition to injunctive relief; indeed, Elizabeth already made clear that she is requesting an award of nominal damages in her earlier supplemental brief (*see id.*) and she expressly renews that request here.[3] This effectively answers the District's suggestion, in its supplemental brief, that the Court should stay the case because the case might eventually become moot. *See* Def. Supp. Br. 5-6. The prospect of *future* mootness is not a reason to sanction the *ongoing* violation of Elizabeth's constitutional rights; but, even if it were, the availability of nominal damages ensures that this Court will retain jurisdiction to adjudicate the constitutional issues in this case.

---

[3] There can be no real question that nominal damages are available in the procedural posture of this case. The complaint included a request for "[a]ny other legal or equitable relief to which Plaintiff may show herself to be justly entitled," Doc. 1 ¶ D, and, even if that were not the case, the Federal Rules are clear that a "final judgment should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). *See Aref v. Lynch*, 833 F.3d 242, 266-67 (D.C. Cir. 2016) (finding claim for nominal damages preserved when plaintiffs "included a broad prayer for relief in their complaint" and subsequently "made a specific request for nominal damages" in their briefing); *see also Neutron Depot, LLC v. Bankrate, Inc.*, No. AU-16-CA-01170-SS, 2018 WL 6588573, at *1 (W.D. Tex. Aug. 16, 2018) (case not moot because request for all appropriate legal and equitable relief encompassed nominal damages); *Campos-Orrego v. Rivera*, 175 F.3d 89, 99 (1st Cir. 1999) (holding that a request for nominal damages is timely when made a trial, and that "a timely request for nominal damages can be made either ex ante (to the jury) or ex post (to the judge)"); *Ross v. Chopra*, No. 8:19-CV-00092-PWG, 2021 WL 6197418, at *12 (D. Md. Dec. 30, 2021) (claim for nominal damages timely when raised at summary judgment).

## CONCLUSION

Elizabeth's motion for summary judgment should be granted.


Dated: March 21, 2025

                                                    Respectfully submitted,

Robert J. McNamara (D.D.C. Bar # VA065)      /s/ Robert E. Johnson
John G. Wrench (D.C. Bar No. 1722587)         Robert E. Johnson (D.C. Bar No. 1013390)
INSTITUTE FOR JUSTICE                          INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900               16781 Chagrin Blvd. #256
Arlington, Virginia 22203                      Shaker Heights, OH 44120
Tel: (703) 682-9320                            Tel: (703) 682-9320
Fax: (703) 682-9321                            Fax: (703) 682-9321
Email: rmcnamara@ij.org, jwrench@ij.org        Email: rjohnson@ij.org


*Attorneys for Plaintiff Elizabeth Brokamp*

6