UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELIZABETH BROKAMP, *Plaintiff*, v. DISTRICT OF COLUMBIA, *Defendant*. | Civil Action No. 20-3574 (TJK) |

### ORDER

On March 4, 2025, the Court ordered the parties to file supplemental briefing addressing amendments to the licensure law at issue in this case—amendments that neither party told the Court about. The Court explained that the District should describe what requirements a licensure-by-endorsement candidate must satisfy under the current statutory and regulatory scheme. And it instructed Brokamp to identify the specific burdens that she currently faces if she were to pursue the licensure-by-endorsement path. In the supplemental briefing, the District moved to stay the case pending its implementation of the "Counseling Compact," an interstate reciprocity scheme that it says will eventually moot Brokamp's claims. Brokamp responded to that request by, among other things, arguing that the case would not be moot because nominal damages are still on the table for her.

After reviewing the parties' briefing and the relevant amendments, the Court finds that a hearing to discuss these issues would be beneficial. The summary-judgment briefing focused on a version of the law that is no longer operative. And while the parties' supplemental briefing is a good start, a hearing will help clarify how the current licensing regime interacts with the First Amendment. At the hearing, the parties should be prepared to address the following issues:

(1) For Brokamp's as-applied challenge, does it matter that she has not tried to apply for a license by endorsement? In other words, if the District purports to impose certain requirements—through a checklist, for example—but then relaxes them in practice, how does that affect the First Amendment analysis? Must a candidate apply and determine the "real" burdens before bringing an as-applied challenge to the District's licensing scheme?

(2) If there is a difference between the District's checklist and what requirements it actually insists that a licensure-by-endorsement applicant satisfy, what are those differences?

(3) Can Brokamp identify any requirements that the District could impose for licensure by endorsement? Would any application fee or burden in completing the application forms be impermissible on this record?

(4) How do the amendments affect, if at all, Brokamp's overbreadth challenge?

The parties should also be prepared to address any other issues presented by the unusual posture of this case that they deem relevant to its prompt and just resolution.

Accordingly, it is hereby **ORDERED** that the parties shall appear for a hearing on their cross-motions for summary judgment on April 29, 2025, at 10:00 a.m. in Courtroom 11. It is further **ORDERED** that this case is **STAYED** until April 29, 2025.

**SO ORDERED**.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: March 28, 2025