UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **ELIZABETH BROKAMP,**<br><br>Plaintiff,<br><br>v.<br><br>**DISTRICT OF COLUMBIA,**<br><br>Defendant. | No. 1:20-cv-03574-TJK |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S**
**NOTICE OF SUPPLEMENTAL AUTHORITY**

Dr. Elizabeth Brokamp informs the Court of a case that did not decide any of the issues here, *Richwine v. Matuszak*, --- F.4th ----, No. 24-1081, 2025 WL 2476656 (7th Cir. Aug. 28, 2025). Pl.'s Not. of Supp. Auth. (Pl.'s Not.) [61]. *Richwine* was an as-applied First Amendment challenge to a cease-and-desist order issued by Indiana prohibiting a "death doula" and her company from informing clients of funeral options, guiding clients with arrangements for the deceased and the funeral, and accompanying and supporting clients at the funeral home. 2025 WL 2476656, at *2. The Seventh Circuit did not decide whether Indiana's funeral services licensing law, as applied to the plaintiffs, was a regulation of professional conduct that incidentally regulated speech or a content-based regulation. *Id.* at *7. Instead, the court assumed that intermediate scrutiny applied and proceeded to conclude that Indiana failed to show how the cease-and-desist order's specific proscriptions furthered the state's asserted interests. *Id.* at *7–9. The court stressed that "we focus only on the facts and circumstances of this case and do not opine as to whether another scenario would warrant a different outcome." *Id.* at *7.

*Richwine* thus did not decide any of the issues here. First off, it does not have anything to say about facial First Amendment challenges, which Dr. Brokamp brings as one of her two claims. *See Nat'l Urb. League v. Trump*, No. 25-cv-471, 2025 WL 1275613, at *21–22 (D.D.C. May 2, 2025) (Kelly, J.) (articulating the rigorous standard for a facial First Amendment challenge and rejecting a challenge that had a better ratio of allegedly unconstitutional applications than what Dr. Brokamp has put forward here). Regarding Dr. Brokamp's as-applied challenge, there are three main issues: (1) whether the District's licensing law for professional counselors is aimed at regulating pure speech or whether it primarily regulates professional conduct with ancillary effects on speech; (2) whether the District's licensing law is content-based or content-neutral; and (3) whether the District's licensing law passes the appropriate level of scrutiny. *Richwine* did not decide whether the licensing law there, as applied to the plaintiffs, regulated professional conduct or was content-based. As to the application of intermediate scrutiny, *Richwine* provides no guidance here because it involved an entirely different profession, and it focused on specific prohibitions in the cease-and-desist order. Moreover, *Richwine* did not involve a licensing scheme aimed at regulating professionals who diagnose and treat major mental disorders, and the fit between such a licensing scheme and compelling interests in health and consumer protection is straightforward and evidence-backed. Indeed, the Second Circuit explained as much and distinguished other licensing schemes—in a challenge lost by Dr. Brokamp that she has largely ignored in this case. *See Brokamp v. James*, 66 F.4th 374, 397–403 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1095 (2024).

Dr. Brokamp strains to draw parallels between this case and *Richwine*. First, she argues that "*Richwine* correctly notes that this question is the subject of a circuit split." Pl.'s Not. at 2. Dr. Brokamp does not specify what "this question" is. And *Richwine* does not say there is any

circuit split. Instead, *Richwine* notes that courts have come to various conclusions about whether *different* laws regulated conduct or speech. 2025 WL 2476656, at *6. That is unsurprising because the cases collected by *Richwine* involved different laws and professions, and the Supreme Court has explained that the line between speech and conduct is not always easy to draw and is case-specific. *Nat'l Inst. of Fam. & Life Advocs. v. Becerra*, 585 U.S. 755, 769 (2018).[1] But there is no circuit split regarding whether licensing requirements for professional counselors or similar mental-health professionals are content-neutral and survive scrutiny. *Brokamp*, 66 F.4th at 381–82; *Nat'l Ass'n for Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1055–56 (9th Cir. 2000). Dr. Brokamp seeks to create one in this case.[2]

      Second, Dr. Brokamp argues that "*Richwine* correctly applies *Holder v. Humanitarian Law Project*, 561 U.S. 1 (2014)." Pl.'s Not. at 2. But *Richwine* did not "apply" *Holder*. It simply stated the Seventh Circuit's understanding of *Holder* without applying it to make a definitive holding on what level of scrutiny was appropriate. 2025 WL 2476656, at *6–7. In any event, Dr. Brokamp's continued efforts to use notices of supplemental authority to refocus her case around *Holder* are unavailing. *See* Def.'s Resp. [47] at 2. Despite having pages upon pages of summary judgment briefing, she hardly addressed *Holder* besides fleeting mentions, mostly in

---

[1] While Dr. Brokamp argues that *Richwine* catalogs a circuit split, it is notable that the Second Circuit's decision in *Brokamp* is not among those cases counted by *Richwine*.

[2] Even if there were a true circuit split over whether professional licensing schemes regulate conduct versus speech, that hurts, not helps, Dr. Brokamp. The D.C. Circuit has previously ruled that such schemes regulate conduct. *Nat'l Ass'n for Advancement of Multijurisdictional Practice v. Howell*, 851 F.3d 12, 19–20 (D.C. Cir. 2017). To the extent that a circuit split has since emerged over whether that holding is still good law, a circuit split is further evidence that the issue is too contested for this Court to break with circuit precedent—as this Court explained. *Brookens v. Acosta*, 297 F. Supp. 3d 40, 48–49 (D.D.C. 2018) (Kelly, J.), *aff'd sub nom. Brookens v. Dep't of Labor*, No. 18-5129, 2018 WL 5118489 (D.C. Cir. Sept. 19, 2018) (per curiam).

"see" cites or parentheticals, which are insufficient to preserve an argument—let alone an argument that this case should turn on *Holder*. Pl.'s Br. [34] at 19, 21, 25; Pl.'s Reply [40] at 6, 11; *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008); *Daskalea v. Wash. Humane Soc'y*, 710 F. Supp. 2d 32, 44 n.3 (D.D.C. 2010).

Third, Dr. Brokamp argues that "*Richwine* confirms that, under any level of First Amendment scrutiny, the government bears a serious evidentiary burden" and "rejects arguments made by" the District. Pl.'s Not. at 2. *Richwine* said nothing about evidentiary burdens. It simply found that the record that Indiana submitted was insufficient to show that the specific prohibitions in the cease-and-desist letter furthered Indiana's specific interests. But the record here and the way a streamlined licensing requirement for mental health professionals furthers state interests are quite different from the issues in *Richwine*. Moreover, the District *has* produced evidence for how the licensing requirement serves compelling interests, including, for example, unrebutted expert testimony. In any event, Dr. Brokamp continues to ignore binding precedent rejecting her misunderstanding of the evidentiary requirements of heightened scrutiny. Mem. of P. & A. in Supp. of Def.'s Mot. for Summ. J. [29] 33–34, 40; Def.'s Reply [38] at 22–23; *see also Free Speech Coal., Inc. v. Paxton*, 145 S. Ct. 2291, 2317 (2025) (upholding a law on intermediate scrutiny without relying on extensive empirical evidence).

Date: September 5, 2025.                            Respectfully submitted,

                                                              BRIAN L. SCHWALB
                                                              Attorney General for the District of Columbia

                                                              CHAD COPELAND
                                                              Deputy Attorney General
                                                              Civil Litigation Division

                                                              */s/ Matthew R. Blecher*
                                                              MATTHEW R. BLECHER [1012957]
                                                              Chief, Civil Litigation Division, Equity Section

<div style="margin-left:50%">

*/s/ Honey Morton*
HONEY MORTON [1019878]
Assistant Chief, Equity Section

*/s/ Adam J. Tuetken*
ADAM J. TUETKEN [242215]
RICHARD P. SOBIECKI [500163]
BRENDAN HEATH [1619960]
Assistant Attorneys General
Civil Litigation Division
400 6th Street, NW
Washington, D.C. 20001
Phone: (202) 735-7474
Email: adam.tuetken@dc.gov

*Counsel for Defendant*

</div>